IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3125 |
| vs. | ORDER |
| JORDAN R. LYBARGER, | |
| Defendant. | |

This matter is before the Court on the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 51. The defendant's motion will be denied.

Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2),[1] the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

But the Court must deny the defendant's motion, for two reasons. First,

---

[1] Section 1B1.13 has not been amended in response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer remains "applicable" guidance for the current version of § 3582(c)(1)(A)(i), but the Court may consider the criteria set forth in § 1B1.13 to the extent they remain helpful and relevant. *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

as mentioned above, the Court may consider a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). And the defendant's motion alleges nothing about pursuing administrative remedies. *See* filing 51.

Second, the defendant has identified no factors, such as health conditions, that place him at particular risk for COVID-19. *See* filing 51.[2] There is, in other words, little to distinguish him from any other federal prisoner. Accordingly, he has not alleged reasons for a sentence reduction that are "extraordinary and compelling."[3] Accordingly,

> IT IS ORDERED that the defendant's motion for compassionate release (filing 51) is denied.

---

[2] To the extent the defendant is alleging that the conditions of his imprisonment are inhumane, *see* filing 51 at 1, that issue should be raised as a civil rights claim in the district court for the district in which he is confined, the Eastern District of Texas. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *see generally* 28 U.S.C. § 1391(b).

[3] In addition, the Court notes that the defendant has about 7 years remaining on a roughly 12½-year-sentence for conspiring to distribute a substantial quantify of methamphetamine, and possessing a semiautomatic pistol in the course of doing so. *See* filing 42; filing 47. And the defendant has what can be charitably described as a long and diverse criminal history. *See* filing 42 at 10-14. Given those facts, *any* argument the defendant might make for a sentence reduction, regardless of his medical condition, would be a tough sell when the § 3553(a) factors are considered.

- 3 -

Dated this 30th day of July, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge